UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STACY KNELL,<br>     Plaintiff,<br><br>v.<br><br>AVCO CORPORATION, a wholly<br>owned subsidiary of Textron, Inc.,<br>LYCOMING ENGINES, and operating<br>division of AVCO Corporation, and<br>JOHN DOES 1-5,<br>     Defendants. | C.A. No. 25-cv-105-JJM-PAS |

# ORDER

Plaintiff Stacy Knell has brought a products liability suit against Avco Corporation and Lycoming Engines ("Defendants") after being injured in a plane accident. Defendants designed and manufactured the engine that powered the plane. Defendants move to dismiss, arguing that the Court does not have personal jurisdiction. While the core principles of personal jurisdiction are well worn, their application to foreign corporations continues to confound. Deciding the case now before us will require us to interpret Rhode Island's registration statute. These determinations rest on a key question of state law–one which the Rhode Island Supreme Court has not yet resolved.

So, "[b]ecause the Rhode Island Supreme Court is the ultimate arbiter of matters of Rhode Island law, we certify th[is] unsettled question[ ] to that court for guidance." *W. Reserve Life Assur. Co. of Ohio v. ADM Assocs., LLC*, 737 F.3d 135, 136 (1st Cir. 2013).

I.  BACKGROUND

In March 2022, Ms. Knell and her husband flew from Wyoming to Utah; her husband was the pilot, and she was the only passenger. ECF No. 1 ¶ 18, 20. About one mile from the airport in Utah the engine lost all power. *Id.* ¶ 23. The aircraft crashed, resulting in injuries to Ms. Knell. *Id.* ¶ 1–2, 30. Ms. Knell filed this suit in federal court in Rhode Island, alleging that the engine was defective and in dangerous condition, and brought claims against Defendants for strict liability, negligence, breach of express and implies warranties, failure to warn, and reckless, outrageousness, willful and wanton conduct. *Id.* ¶ 32–58.

Ms. Knell is a resident of Wyoming. ECF No. 1 ¶ 2. Avco is incorporated in Delaware and has its principal place of business in Texas. *Id.* ¶ 3. Avco is registered to do business in Rhode Island and maintains a registered against for service of process in Rhode Island. *Id.* ¶ 3. Lycoming Engines is an unincorporated subsidiary of Avco and for jurisdictional purposes its citizenship is that of Avco.[1] *Id.* ¶ 6.

Defendants move to dismiss on two grounds. First, they challenge this Court's personal jurisdiction, invoking Federal Rule of Civil Procedure 12(b)(2). Second and alternatively, they argue that Ms. Knell has failed to state a claim upon which relief

---

[1] The parties dispute certain jurisdiction facts; Ms. Knell asserts that Avco is a wholly owned subsidiary of Textron with overlapping officers and a Rhode Island mailing address, while Defendants maintain that Avco's principal place of business has been in Texas since 2020, and that the Rhode Island address was a clerical error. Textron's jurisdiction is uncontested, and Ms. Knell maintains only an express-consent theory, which is the focus of this Order.

may be granted under Rule 12(b)(6). As it must, the Court begins with personal jurisdiction, because without it, this Court lacks authority to hear the case. *See Hertz Corp. v. Friend*, 559 U.S. 77, 83–84 (2010).

## II. DISCUSSION

Ms. Knell contends that the Court's exercise of personal jurisdiction over Defendants is proper because, by registering to do business in Rhode Island, they consented to personal jurisdiction. In response, Defendants do not dispute that Avco is registered as a foreign corporation. Rather, they argue that corporate registration is not, on its own, sufficient to confer personal jurisdiction and that the Court must therefore engage in the "minimum contacts" constitutional analysis.

A determination of this Court's personal jurisdiction over Ms. Knell's case hinges on whether corporate registration in Rhode Island constitutes express consent to personal jurisdiction here. Ms. Knell relies primarily on the United States Supreme Court's opinion in *Pennsylvania Fire Ins. Company of Philadelphia v. Gold Issue Mining & Milling Co.* to support her argument. That case held that asserting jurisdiction over a corporate defendant with a registered agent for service of process in the forum state comports with due process. *See* 243 U.S. 93, 93–95 (1917).

The Rhode Island Supreme Court has not yet provided guidance on express consent by registration. How the Rhode Island Supreme Court interprets the registration statute, R.I. Gen. Laws § 7-1.2-1408, will determine whether Defendants have expressly consented to suit in Rhode Island. Because this is a matter of first impression on an issue affecting litigation in this state, this Court believes that the

Rhode Island Supreme Court is in the best position to decide that aspect of jurisdiction as the final arbiter of state law and concludes that it is necessary and appropriate to certify a question of law to the Rhode Island's highest court. *Assocs. Cap. Servs. Corp. v. Riccardi*, 454 F. Supp. 832, 835 (D.R.I. 1978) (citing *Bellotte v. Zayre Corp.*, 531 F.2d 1100 (1st Cir. 1976)). The Court welcomes any further guidance from the Rhode Island Supreme Court "on any other relevant aspect of Rhode Island law [that] it believes would aid in the proper resolution of this issue." *Am. States Ins. Co. v. LaFlam,* 672 F.3d 38, 44 (1st Cir. 2012).

### III. CERTIFICATION

Considering the foregoing, this Court certifies to the Rhode Island Supreme Court, under Rhode Island Supreme Court Rule 6, the following question:

(1) Does a foreign corporation's compliance with Rhode Island's registration statute provide express consent to personal jurisdiction in the state?

All proceedings in this action will be stayed pending Certification to the Rhode Island Supreme Court. The Court retains jurisdiction; upon receipt of the Rhode Island Supreme Court's written opinion, this Court will determine the motion to dismiss now pending in accord with that opinion.

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

---

John J. McConnell, Jr.
Chief Judge
United States District Court

September 25, 2025